UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BRUCE KNAPPENBERGER, ) | |
| ) | |
| Plaintiff, ) | 2:06-cv-2749 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| CITY OF PHOENIX, *et al.*, ) | [Re: Motion at Docket 16] |
| ) | |
| Defendants. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 16, defendant City of Phoenix moves for an award of attorneys' fees and costs against plaintiff in the amount of $8,633.40 pursuant to 42 U.S.C. § 1988. At docket 17, plaintiff Bruce Knappenberger opposes the motion. Defendant replies at docket 26. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Bruce Knappenberger commenced his employment with the City of Phoenix police department in 1973.[1] Knappenberger had an "exemplary record."[2] In July 2004, Knappenberger received a Notice of Investigation ("NOI"), alleging that "at the end of

---

[1] All background fact in this section are taken from plaintiff's complaint.

[2] Complaint at 2, exh. A, doc. 1.

2003 and beginning 2004, Knappenberger made inappropriate, sexually suggestive comments to a female officer as well as unwelcome physical contact."[3] Knappenberger denied all allegations in the NOI. In July 2004, the police department commenced an investigation into the allegations against Knappenberger. Knappenberger was placed on administrative leave. The police department completed its investigation in October 2004. Knappenberger received a copy of the investigation findings in November 2004, and was given 21 days to review the findings.

During the first investigative review on December 2, 2004, Knappenberger submitted documentation of improper procedures that had occurred during the investigation. The second investigative review was held on December 15, 2004. At the second review, Knappenberger was informed that: 1) the Investigative Review Process members had reviewed the documents submitted by Knappenberger and "felt that information was simply Knappenberger's perception;" 2) "the investigation would stand as written without following established procedures to allow any further discussion;" and, 3) "a new rule established after the investigation began was going to be implemented that allowed similar infractions to be considered as a compound violation," increasing the discipline to termination."[4] Knappenberger was not allowed to be represented by an attorney at either review.

On December 16, 2004, the day after the second investigative review, the City of Phoenix's benefit office informed Knappenberger "that he had to retire 19 months early

---

[3] *Id.* at 2.

[4] *Id.* at 4.

in order to continue to receive his lifetime health insurance coverage." "Due to his wife's prior history of breast cancer, Knappenberger could not afford to lose the insurance coverage."[5] Knappenberger signed retirement papers on December 17, 2004.

On October 31, 2006, Knappenberger filed a complaint against the City of Phoenix ("the City" or "defendant") in the Superior Court of Arizona, Maricopa County. Plaintiff's complaint alleges that the City deprived Knappenberger of both a property and liberty interest without due process in violation of 42 U.S.C. § 1983. Plaintiff's complaint specifically alleges that the City deprived Knappenberger of the right to counsel and "the right to have a full and fair hearing and proper investigation of the allegations against him."[6] Defendant timely removed plaintiff's complaint to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Defendant subsequently filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12©, which the court granted by order dated March 27, 2007.[7] The court's order is on appeal to the Ninth Circuit. Defendant now moves for an award of attorney's fees as prevailing parties pursuant to 42 U.S.C. § 1988.

### III.  STANDARD OF REVIEW

"Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances."[8] A prevailing defendant in an action under 42 U.S.C.

---

[5]*Id.* at 4.

[6]*Id.*

[7]Doc. 14.

[8]*Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

§ 1983 "is entitled to an attorney's fee award under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'"[9]  "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid *'post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'"[10] The strict nature of the above standard is premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under § 1983.[11]

## IV.  DISCUSSION

Defendant move for an award of attorney's fees and costs in the amount of $8,633.40, on the grounds that the City of Phoenix was the prevailing party in this litigation, and plaintiffs "§ 1983 allegations were frivolous, unreasonable, and without foundation."[12] Defendants argue that plaintiff should have known that his claim was frivolous at the outset of the litigation because it was impossible for Knappenberger to validly contend that the City deprived him of his right to continued employment when he

---

[9] *Tutor-Saliba Corporation v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (*per curiam*) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

[10] *Tutor-Saliba,* 452 F.3d at 1060 (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995); *Christiansburg*, 434 U.S. at 421-22).

[11] *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987).

[12] Doc. 16 at 1.

admitted in his complaint that he resigned his employment because he did not want to lose health insurance benefits for his wife.[13]

Plaintiff opposes the motion on the grounds that although he did not ultimately prevail, his complaint set forth a meritorious claim under § 1983 and his lawsuit was neither frivolous nor meritless. Plaintiff specifically argues that his complaint set forth a prima facie claim that:

> 1) he had a property interest in his employment with the City of Phoenix Police Department; 2) that the City accused him of sexual harassment and then deprived him of counsel and refused to permit him to properly defend himself in the ensuing investigation; 3) facing termination, and given his wife is a breast cancer survivor, Knappenberger was forced to take early retirement in order to save his health insurance benefits; and 4) as a result of the foregoing, he was deprived of his rights without due process.[14]

Plaintiff contends that in accordance with the notice pleading requirements of Federal Rule of Civil Procedure 8(a), plaintiff reasonably believed that his complaint sufficiently stated a claim for relief under 42 U.S.C. § 1983 based on constructive discharge and a deprivation of property rights without due process. In light of the above, plaintiff asserts that his claim was not frivolous. The court concurs.

"Allegations that, upon careful consideration, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."[15] Here, as in *Hughes*, the court dismissed plaintiff's claim only after detailed consideration resulting in a ten-page opinion. The detailed discussion

---

[13]Doc. 16 at 3.

[14]Doc. 17 at 1-2.

[15]*Hughes*, 449 U.S. at 15-16.

generated by the issues raised in plaintiff's complaint demonstrates that plaintiff's suit was not groundless or meritless.[16]  Although plaintiff did not prevail on his civil rights claim, the court cannot conclude that his action was frivolous.

## V.  CONCLUSION

For the reasons set out above, defendant's motion at docket 16 for an award of attorney's fees is **DENIED**.

DATED at Anchorage, Alaska, this 7th day of August 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[16] *Hughes*, 449 U.S. at 16 n.13.